```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                CENTRAL DIVISION
_____

JEFF GRUNWALD,                          ) **DISMISSAL ORDER**
                                        )
          Plaintiff,                    ) Case No. 2:09-CV-261 TC
                                        )
     v.                                 ) District Judge Tena Campbell
                                        )
TOM PATTERSON et al.,                   )
                                        )
          Defendants.                   )
_____
```

Plaintiff/inmate Jeff Grunwald filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2009), proceeding *in forma pauperis*, *see* 28 U.S.C.S. § 1915.  The Court now screens his complaint, under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  *See id.* §§ 1915-1915A.

## ANALYSIS

### 1. Claim

Plaintiff names as defendants Tom Patterson, Almon Dunford, Lieutenant Farnsworth, and Sgt. Mellor.  He alleges that Defendants Dunford, Farnsworth, and Mellor were negligent in failing to follow "t.r.o. policy and procedure," "pulling [Plaintiff] out in front of all the cells," allowing another inmate to attack Plaintiff, then destroying the video evidence of the attack.

**2. Grounds for Sua Sponte Dismissal**

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of

mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers.  Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).  In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.; see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).  Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Curley v. Perry*, 246 F.3d 1278,

3

1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 3. Respondeat Superior

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Because Plaintiff has done nothing to affirmatively link Defendant Patterson to this incident, but has instead identified him merely as a supervisor, Plaintiff's claim against Patterson may not survive this screening. Patterson's motion to dismiss the claims against him is thus granted.

### 4. Failure to Protect

> "To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must

4

> show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (quotation and brackets omitted). Under the subjective component, the official must "actually be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Tafoya* [*v. Salazar,*] 516 F.3d [912,] 916 [(10th Cir. 2008)] (quotation omitted). If the official was unaware of the risk, "no matter how obvious the risk or how gross his negligence in failing to perceive it," his failure to alleviate it "is not an infliction of punishment and therefore not a constitutional violation." *Id.* Furthermore, "prison officials who actually knew of a substantial risk to inmate health and safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer* [*v. Brennan,*] 511 U.S. [825,] 844 [(1994)].

*Szymanski v. Benton*, No. 07-8082, 2008 U.S. App. LEXIS 17235, at *7-8 (10th Cir. Aug. 14, 2008) (unpublished).

Here, Plaintiff has alleged that the remaining defendants acted negligently in their failure to protect him. This does not meet the requirements of the cause of action. The remaining defendants and claims are thus dismissed, with leave to amend.

### 5. Instructions to Plaintiff if Amending

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the

5

pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint, if he chooses to amend. First, the amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612

(10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). Third, Plaintiff should seek help from the prison contract attorneys in preparing initial pleadings. And, finally, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

## CONCLUSION

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2009).

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant Patterson's motion to dismiss is **GRANTED.** (*See* Docket Entry # 15.)

(2) Plaintiff's complaint is **DISMISSED** without prejudice.

(3) Plaintiff shall have **FORTY-FIVE DAYS** from the date of this order to file an amended complaint, if he chooses to amend.

(4) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

And, (5) if Plaintiff fails to timely cure his original complaint's deficiencies according to the instructions here, this case will be closed without further notice.

DATED this 28th day of January, 2010.

BY THE COURT:

*Tena Campbell*
_____
CHIEF JUDGE TENA CAMPBELL
United States District Court